**KOLLER LAW LLC**                                               *Counsel for Plaintiff*
David M. Koller, Esq. (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID McCREARY** | : | **Civil Action No.** |
| 757 E Main Street, Apartment W-212 | : | |
| Lansdale, PA 19446 | : | |
|       Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **ICAHN AUTOMOTIVE GROUP, LLC** | : | |
| **d/b/a PEP BOYS AUTO SERVICE &** | : | |
| **TIRE,** | : | |
| **4309 County Line Road** | : | |
| **Chalfont, PA 18914** | : | |
| | : | |
| **3111 W Allegheny Avenue** | : | |
| **Philadelphia, PA 19132** | : | |
|       Defendant. | : | |

## CIVIL ACTION

Plaintiff, David McCreary (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Icahn Automotive Group, LLC d/b/a Pep Boys Auto Service & Tire (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Icahn Automotive Group, LLC d/b/a Pep Boys Auto Service & Tire is an automotive aftermarket retail and service chain with a location at 4309 County Line Road, Chalfont, PA 18914 and with a corporate headquarters located at 3111 W Allegheny Avenue, Philadelphia, PA 19132.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADA and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Complaint was assigned a Charge Number of 530-2020-04706 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated October 15, 2020. Plaintiff received the notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was diagnosed with a learning differences and Attention Deficit Disorder ("ADD") in or around 1996.

21. The major life activities affected by Plaintiff's learning differences and ADD, include, but are not limited to, learning, concentrating and working.

22. Due to Plaintiff's learning differences, he required additional time to complete tasks that individuals without learning differences do not need.

23. On October 1, 2019, Defendant hired Plaintiff in the position of General Service Technician ("GST")

24. Plaintiff was well qualified for his position and performed well.

25. In or around early May 2020, Adrianna Thornton became the new Store Manager.

26. Plaintiff notified Ms. Thornton of his disabilities and that his learning differences in particular, made it so that it took him slightly longer to complete tasks.

27. Plaintiff specifically informed Ms. Thornton this because he did not want her to question his abilities to perform his job.

28. Ms. Thornton acted with careless, insensitive disregard for Plaintiff's needs.

29. Ms. Thornton was harsh on Plaintiff, nitpicked his work, and made fun of him.

30. In fact, she specifically told Plaintiff that he worked too slow.

31. This comment was made in direct reference to Plaintiff's learning disability and was intentionally derogatory.

32. She made other obnoxious and insensitive comments directed at Plaintiff's disability.

33. On June 2, 2020, Ms. Thornton assigned Plaintiff a task usually assigned to two (2) GSTs and stated that Alex Carlen (non-disabled), GST, was not allowed to help Plaintiff.

34. Plaintiff then called John Plum, District Manager, and complained about how Ms. Thornton was treating him poorly and how he believed that it was due to his disabilities.

35. However, Mr. Plum did not take any action to address Plaintiff's complaint and only told him to complete his assignments immediately.

36. Mr. Plum's response reflected a complete lack of sensitivity to disabled employees and a complete lack of empathy or care to accommodate or address Plaintiff's needs in an appropriate, inclusive, sensitive manner.

37. Plaintiff was discouraged by that, because it flies in the face of company policy which talks about anti-discrimination and accommodations and equal employment opportunities.

38. On June 3, 2020, Mr. Carlen was leaving the store early and did not finish his shift.

39. In retaliation for Plaintiff's complaint, Ms. Thornton assigned Plaintiff all of Mr. Carlen's job duties, in addition to his own.

40. This was somewhat challenging for Plaintiff, but he tried his best.

41. This was part of Ms. Thornton's campaign to make Plaintiff's life so difficult at work that he felt like he had no choice but to quit.

42. Ms. Thornton knew about Plaintiff's capabilities and what he confided in her about his disability in the interest of performing his job duties well.

43. However, Ms. Thornton betrayed Plaintiff for profit and in intentional careless disregard to his rights as a member of a protected class under federal and state law.

44. On June 4, 2020, Plaintiff attempted to call out of work because he knew what Ms. Thornton was doing and going to continue to do.

45. It was a hostile work environment that Plaintiff could no longer tolerate to be ap art of, nor did he deserve simply because of his disabilities.

46. Ms. Thornton would not let Plaintiff, despite that fact that he had PTO and a floating holiday available.

47. Upon information and belief, Ms. Thornton did allow non-disabled employees to call out.

48. On June 8, 2020, Plaintiff sent a text message to Kevin LNU, Assistant Manager, that he did not feel comfortable returning to work due to how Ms. Thornton was discriminating against him due to his disabilities.

49. Kevin instructed Plaintiff to contact Mr. Plum as he wanted to speak with him.

50. Plaintiff called Mr. Plum as instructed, but he did not answer or return his call.

51. Ms. Thornton's objective in making Plaintiff's job so miserable and difficult and not accommodating him and retaliating against him worked, as he no longer felt comfortable returning to work.

52. Defendant showed no regard for Plaintiff or his employment, evident not only by how he was treated, but how management allowed the harassment to continue after he reported it and failed to follow up with him and address his concerns.

53. Plaintiff was constructively discharged.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

54. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

55. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, disabilities that

substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

56. Plaintiff was qualified to perform the job.

57. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

58. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

59. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

60. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

61. The purported reason for Defendant's decision is pretextual.

62. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

63. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

64. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that

substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

67. Plaintiff was qualified to perform the job.

68. Plaintiff was subject to an adverse employment action, including, but not limited to constructive discharge.

69. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

70. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's constructive discharge.

71. Plaintiff's disabilities motivated Defendant's decision to force Plaintiff's constructive discharge.

72. The purported reason for Defendant's decision is pretextual.

73. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

74. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

75. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

76. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

77. Plaintiff engaged in activity protected by the ADA when he complained about disability discrimination.

78. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

79. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

80. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

81. Plaintiff engaged in activity protected by the PHRA when he reported disability discrimination.

82. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

83. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, David McCreary, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                                        **RESPECTFULLY SUBMITTED,**

                                        **KOLLER LAW, LLC**

Date: January 13, 2021        **By:** ***/s/ David M. Koller***
                                                    David M. Koller, Esquire (90119)
                                                    2043 Locust Street, Suite 1B
                                                    Philadelphia, PA 19103
                                                    215-545-8917
                                                    davidk@kollerlawfirm.com

                                                    *Counsel for Plaintiff*